# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOSHUA D. THORNBURY,
      Appellant,

      v.

DEPARTMENT OF VETERANS
    AFFAIRS,
      Agency.

DOCKET NUMBER
DE-0752-14-0490-A-2

DATE: August 23, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Michael A. Shaw, Esquire, Cottonwood, Arizona, for the appellant.

Maxine N. Romero, Esquire, Phoenix, Arizona, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the addendum initial decision, which awarded the appellant $34,530.50 in attorney fees and $825.27 in costs. For the reasons discussed below, we GRANT the appellant's petition for review and AFFIRM the initial decision AS MODIFIED. Except as expressly

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

MODIFIED by this Final Order to increase the attorney fee award to account for mathematical errors in the appellant's representative's billing records and the administrative judge's analysis, we AFFIRM the initial decision.

## BACKGROUND

¶2      In July 2014, the appellant filed an appeal of his June 2014 removal and asserted due process and whistleblower retaliation affirmative defenses. *Thornbury v. Department of Veterans Affairs*, MSPB Docket No. DE-0752-14-0490-I-1, Initial Appeal File, Tab 1.  In November 2016, the administrative judge reversed the removal action after finding that the agency failed to provide the appellant with minimal due process.[2]  *Thornbury v. Department of Veterans Affairs*, MSPB Docket No. DE-0752-14-0490-I-2, Initial Decision at 6-8, 13 (Nov. 17, 2016).  The initial decision became the Board's final decision when neither party filed a petition for review.[3]  5 C.F.R. § 1201.113.

¶3      On February 17, 2017, the appellant filed a motion for attorney fees and costs in connection with the Board's final order reversing his removal on due process grounds.  *Thornbury v. Department of Veterans Affairs*, MSPB Docket No. DE-0752-14-0490-A-1, Attorney Fee File (AFF), Tab 1.  In his motion, he

---

[2] The agency rescinded the June 2014 removal in November 2014, which did not moot the initial appeal, and removed the appellant again in January 2015, which the administrative judge affirmed. *Thornbury v. Department of Veterans Affairs*, MSPB Docket No. DE-0752-15-0173-I-1, Initial Decision (Nov. 17, 2016).  The initial decision became the Board's final decision when neither party filed a petition for review.  5 C.F.R. § 1201.113.

[3] The appellant subsequently filed a petition for enforcement, which alleged that the agency failed to comply with the Board's November 17, 2016 final decision that reversed the agency's removal action. *Thornbury v. Department of Veterans Affairs*, MSPB Docket No. DE-0752-14-0490-C-1, Compliance File (CF), Tab 1.  The administrative judge found that the agency failed to comply with the Board's final order and granted the petition for enforcement. *Thornbury v. Department of Veterans Affairs*, MSPB Docket No. DE-0752-14-0490-C-2, Compliance Initial Decision (Feb. 13, 2018).  The compliance matter remains pending with the Board, which we will resolve in a separate final order. *Thornbury v. Department of Veterans Affairs*, MSPB Docket No. DE-0752-14-0490-X-1.

sought $49,558.49 in attorney fees and costs incurred by his attorney, Charles A. Shaw of the Law Offices of Charles Anthony Shaw, PLLC. *Id.* at 29, 38-54. The appellant supplemented his motion for attorney fees three times. AFF, Tab 4; *Thornbury v. Department of Veterans Affairs*, MSPB Docket No. DE-0752-14-0490-A-2, Attorney Fee File (A-2 AFF), Tab 4 at 13-21, Tab 10 at 33-34. The administrative judge issued an addendum initial decision awarding the appellant attorney fees and costs in the amount of $35,355.77. A-2 AFF, Tab 12, Addendum Initial Decision (AID) at 1, 12. In particular, he awarded $23,075.00 in attorney fees for work before January 1, 2015 (92.3 hours at the $250/hour rate), and $10,968.00 in attorney fees for work after January 1, 2015 (36.56 hours at the $300/hour rate).[4] AID at 10. He further ordered the agency to pay costs in the amount of $825.27. AID at 12.

¶4        The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 2. The agency has not filed any response to the petition for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5        To receive an award of attorney fees under 5 U.S.C. § 7701(g)(1), an appellant must show the following: (1) he was the prevailing party; (2) he incurred attorney fees pursuant to an existing attorney-client relationship; (3) an award of attorney fees is warranted in the interest of justice; and (4) the amount of attorney fees claimed is reasonable. *See Caros v. Department of Homeland Security*, 122 M.S.P.R. 231, ¶ 5 (2015). On review, the appellant does not challenge any of the administrative judge's findings regarding the fee award factors or the administrative judge's award of costs but contends that the administrative judge's attorney fees award for legal work at the $300/hour rate

---

[4] According to the administrative judge, the appellant requested attorney fees for 92.3 hours at the $250/hour rate and 141.76 hours at the $300/hour rate. AID at 7. The administrative judge also ordered the agency to pay 7.5 hours of paralegal work at the $65/hour rate for a total of $487.50. AID at 10. The agency has already paid the $35,335.77 fee award to the appellant's representative, and this amount is no longer in controversy. Petition for Review File, Tab 1 at 5.

included a mathematical error that deprived him of $5,730.00 in attorney fees. PFR File, Tab 2 at 4-8. Accordingly, we limit our review of the addendum initial decision to whether the administrative judge made any mathematical errors when calculating the amount of claimed hours.

<u>We modify the addendum initial decision to correct a mathematical error and find that the appellant incurred an additional 3.9 hours at the $250/hour rate.</u>

¶6    The administrative judge found that the appellant claimed 92.3 hours for legal work before January 1, 2015, at the $250/hour rate. AID at 7; AFF, Tab 1 at 39-46. The administrative judge did not disallow any of these claimed hours. AID at 10. Although the appellant does not challenge this portion of the fee award on review, PFR File, Tab 2 at 4-5 & n.1, we find that the administrative judge's calculations included a mathematical error. The appellant's representative's billing records for legal work before January 1, 2015, include five itemized, task-based lists. AFF, Tab 1 at 39-46. The final task-based list, for work between October 7, 2014, and December 16, 2014, lists a total amount of 45.45 hours. *Id.* at 46. However, when we add up each individual task-based line item in that list, the total amount is 49.35 hours, 3.9 more hours than the appellant or the administrative judge calculated.[5] As previously noted, the administrative judge did not disallow any claimed hours for this time period, and we see no basis to disallow any of these claimed hours, so we modify the addendum initial decision to award these 3.9 hours at the $250/hour rate for a total of $975.00.

<u>We modify the addendum initial decision to correct a mathematical error and find that the appellant incurred an additional 20.4 hours at the $300/hour rate.</u>

¶7    The administrative judge found that the appellant claimed 141.76 hours for legal work after January 1, 2015, at the $300/hour rate. AID at 7; AFF, Tab 1 at 46-52, Tab 4 at 5; A-2 AFF, Tab 4 at 13-21, Tab 10 at 33-34. The appellant's

---

[5] The four other itemized, task-based lists contained no mathematical errors when calculating the total hours.

representative's billing records contain a similar mathematical error in one of the itemized, task-based list's total amount. The first itemized, task-based list for legal work between January 21, 2015, and February 17, 2017, lists a total amount of 85.61 hours. AFF, Tab 1 at 46-52. The second itemized, task-based list describes 1 hour for work on February 21, 2017. AFF, Tab 4 at 5. The third itemized, task-based list for legal work between February 21, 2017, and April 3, 2018, lists a total amount of 36.15 hours; however, when we add up each individual task-based line item from that list, the total amount is 36.4 hours, .25 hours more than the appellant or the administrative judge calculated. A-2 AFF, Tab 4 at 13-21. The fourth itemized, task-based list for legal work between June 22, 2018, and July 2, 2018, lists a total amount of 19 hours. Thus, the total amount of hours claimed at the \$300/hour rate is 142.01 hours (85.61+1+36.4+19), not the 141.76 hours described by the administrative judge. AID at 7.

¶8     The administrative judge disallowed 44.5 of the 54.5 hours claimed for work between December 28, 2016, and February 17, 2017, for drafting the motion for attorney fees. AID at 9. The administrative judge also disallowed 11 of the 19 hours claimed for work related to the appellant's response to the administrative judge's Notice of Intent to Deny Certain Fees and Expenses. AID at 9-10; A-2 AFF, Tabs 9-10. The administrative judge further disallowed 29.3 of the 36.15 hours of time related to the appellant's petition for enforcement.[6] AID at 10. However, because of the mathematical error identified in the third itemized, task-based list, the administrative judge intended to

_____

[6] The appellant concurred with the administrative judge's decision to disallow these hours because his claim for attorney fees related to his petition for enforcement will be adjudicated in a separate addendum proceeding once the Board issues a final decision on that matter. AID at 10 & n.7; A-2 AFF, Tab 10 at 7-8. The appellant also withdrew his request for 20.4 hours of legal work between February 19, 2017, and February 24, 2017, related to the petition for enforcement. AID at 10 (citing A-2 AFF, Tab 10 at 8). The billing records for this time period are found in the appellant's petition for enforcement. CF, Tab 1 at 67-68.

disallow 29.55 of the 36.4 claimed hours for the petition for enforcement. Thus, the administrative judge should have disallowed a total of 85.05 hours (44.5+11+29.55) at the $300/hour rate.

¶9 Using the correct calculations, the appellant claimed 142.01 hours at the $300/hour rate, and the administrative judge should have disallowed 85.05 of those hours. Therefore, the appellant incurred 56.96 hours at the $300/hour rate. The administrative judge, however, only awarded 36.56 hours at the $300/rate in the addendum initial decision.[7] AID at 10. Thus, we modify the addendum initial decision to award the appellant these additional 20.4 hours at the $300/hour rate for a total of $6,120.00.[8]

¶10 The appellant is owed an additional 3.9 hours for legal work at the $250/hour rate for a total of $975.00 and an additional 20.4 hours for legal work at the $300/hour rate for a total of $6,120.00. Accordingly, the addendum initial decision is modified, and the appellant is awarded an additional $7,095.00 in attorney fees to the Law Offices of Charles Anthony Shaw, PLLC.

**ORDER**

¶11 We ORDER the agency to pay attorney fees in the amount of $7,095.00 to the Law Offices of Charles Anthony Shaw, PLLC. The agency must complete this action no later than 20 days after the date of this decision. Title 5 of the United States Code, section 1204(a)(2) (5 U.S.C. § 1204(a)(2)).

¶12 We also ORDER the agency to tell the appellant and the attorney promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. We ORDER the appellant and

---

[7] It appears that the administrative judge incorrectly deducted the 20.4 hours of legal work for the petition for enforcement that the appellant withdrew when calculating this final amount. *See supra* n.6.

[8] The appellant only requested an additional 19.1 hours for legal work at the $300/hour rate for a total of $5,730.00. Nevertheless, as described above, based on the correct mathematical calculations, the appellant is owed an additional $6,120.00 for legal work at the $300/hour rate.

the attorney to provide all necessary information that the agency requests to help it carry out the Board's Order. The appellant and the attorney, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶13     No later than 30 days after the agency tells the appellant or the attorney that it has fully carried out the Board's Order, the appellant or the attorney may file a petition for enforcement with the office that issued the initial decision on this appeal, if the appellant or the attorney believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant or the attorney believes the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. *See* 5 C.F.R. § 1201.182(a).

## NOTICE OF APPEAL RIGHTS[9]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[9] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and you wish to challenge the Board's rulings on <u>your whistleblower claims only, excluding all other issues</u>, then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    /s/ for
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.